# Exhibit "2"

Of Counsel:
SHIM & CHANG

ROY K. S. CHANG      #1733-0
HARVEY M. DEMETRAKOPOULOS #5033-0
345 Queen Street, Suite 900
Honolulu, Hawaii      96813
Telephone No. (808) 524-5803

**Electronically Filed**
**FIRST CIRCUIT**
**1CC191001130**
**03-MAY-2021**
**08:19 AM**
**Dkt. 54 CAMD**

Attorneys for Plaintiffs
NATHAN L.Y. WHARTON, Individually
NATHAN L.Y. WHARTON, as Personal Representative for the
Estate of Connie Elizabeth Yuk Han Moribe Wharton, Deceased
NATHAN L.Y. WHARTON, as Personal Representative for the
Estate of Sophia Grace Hitomi Wharton, Deceased
GLEN Y. MORIBE, Individually
SANDRA E. MORIBE, Individually

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| NATHAN L.Y. WHARTON, Individually and as Personal Representative for the Estate of Connie Elizabeth Yuk Han Moribe Wharton, Deceased, and Personal Representative for the Estate of Sophia Grace Hitomi Wharton, Deceased; GLEN Y. MORIBE; and SANDRA E. MORIBE,<br><br>          Plaintiffs,<br><br>          vs.<br><br>AMERICAN WATER HEATER COMPANY, a Foreign Profit Corporation; INTERMATIC INCORPORATED, a Foreign Profit Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 3-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10, | CIVIL NO. 19-1-1130-07 (BIA) (Product Liability)<br><br>**FIRST AMENDED COMPLAINT; SUMMONS**<br><br><br><br><br><br><br><br>Judge:  The Honorable Bert I. Ayabe<br><br>Trial Week:  not set as yet.<br><br><br><br>[CAPTION CONTINUES ON NEXT PAGE] |

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai'i. Dated at: Honolulu, Hawai'i 03-MAY-2021, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai'i



Exhibit "2"

Defendants.                      )
                                 )
                                 )
                                 )
_____  )

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiffs NATHAN L.Y. WHARTON, Individually, and as Personal Representative of the Estate of Connie Elizabeth Yuk Han Moribe Wharton, Deceased, and Personal Representative of the Estate of Sophia Grace Hitomi Wharton, Deceased, and GLEN Y. MORIBE and SANDRA E. MORIBE, by and through their attorneys, Shim & Chang, and for causes of action against the Defendants above-named allege and aver as follows:

1.   Plaintiff NATHAN L.Y. WHARTON ("Plaintiff Nathan Wharton"), was at all times pertinent herein a resident of the City and County of Honolulu, State of Hawaii, and the husband of Connie Elizabeth Yuk Han Moribe Wharton, Deceased ("Connie Wharton") and the father of Sophia Grace Hitomi Wharton, Deceased ("Sophia Wharton").  He was appointed as Personal Representative of the Estate of Connie Elizabeth Yuk Han Moribe Wharton, Deceased, by the Circuit Court on or about June 24, 2019, and appointed as Personal Representative of the Estate of Sophia Grace Hitomi Wharton, Deceased, by the Circuit Court on or about June 24, 2019.

2. Plaintiff GLEN Y. MORIBE ("Plaintiff Glen Moribe"), was at all times pertinent herein a resident of the City and County of Honolulu, State of Hawaii, and the father of Connie Elizabeth Yuk Han Moribe Wharton, Deceased and the maternal grandfather of Sophia Grace Hitomi Wharton, Deceased.

3. Plaintiff SANDRA E. MORIBE ("Plaintiff Sandra Moribe"), was at all times pertinent herein a resident of the City and County of Honolulu, State of Hawaii, and the mother of Connie Elizabeth Yuk Han Moribe Wharton, Deceased and the maternal grandmother of Sophia Grace Hitomi Wharton, Deceased.

4. On Wednesday, October 17, 2018, a fire destroyed a home in Kaimuki that was owned by Plaintiffs Glen Y. Moribe and Sandra E. Moribe and occupied by Nathan Wharton, Connie Wharton, and infant Sophia Wharton. The fire also caused the deaths of Connie Wharton and infant Sophia Wharton. Said fire was caused by a defective product and/or the negligence, gross negligence and/or other tortious conduct of persons who are presently unidentified. As a result of said fire and deaths and the tortious conduct that caused them, Plaintiffs have sustained statutory (HRS § 663-3) wrongful death damages, statutory (HRS § 663-7) survivor damages, statutory (HRS § 663-8) future earnings damages, general and special damages, economic and non-economic damages, property damage,

3

negligent infliction of emotional distress and mental anguish, hedonic damages, and/or other common law damages in an amount to be shown at the time of trial, which amounts exceed the minimal jurisdictional limits of the Circuit Court of the State of Hawaii.

5.   Plaintiffs have diligently and in good faith attempted to ascertain names and identities of possible Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 3-10, ROE "NON-PROFIT" CORPORATIONS 1-10, and ROE GOVERNMENTAL ENTITIES 1-10, whose identities are presently unknown to Plaintiffs.  Plaintiffs have attempted to obtain the Honolulu Fire Department Investigative Report, photographs taken during the investigation, and other relevant records but cannot obtain the complete records without a subpoena.  Without these records, the identity of DOE Defendants, whose conduct may have been a legal cause of Plaintiffs' injuries, deaths, losses and damages remain unknown to Plaintiffs.  To date, Plaintiffs have not been able to determine the identity of any DOE Defendants who may be legally and/or contractually liable for the fire and resulting injuries, deaths, losses, and damages.  Once this litigation is commenced, Plaintiffs will, through discovery, obtain the necessary facts and information, and will

thereafter amend the filings herein and/or identify the appropriate DOE Defendants.

6.   Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 4-10, ROE "NON-PROFIT" CORPORATIONS 1-10, and ROE GOVERNMENTAL ENTITIES 1-10 are sued herein under fictitious names for the reasons that:

(a) their true names and identities are presently unknown to Plaintiffs; and/or

(b) they employed, contracted with, controlled, and/or are in some way vicariously responsible for the conduct, acts and/or omissions of defendants; and/or

(c) they were in some manner engaged in the activities alleged herein and/or were in some manner acting by or on behalf of defendants, and/or were in some manner responsible for the injuries, losses and/or damages to Plaintiffs; and/or

(d) they manufactured, designed, distributed, sold, or placed in the market a product which was defective and presented an unreasonable danger which caused injuries or damages to Plaintiffs; and/or

(e) they owned, constructed, designed, built, installed, operated, repaired, inspected, maintained, and/or controlled a premises, land, area, or product which presented

an unreasonable risk of harm and caused injuries, deaths, losses and/or damages to Plaintiffs; and/or

(f)   they knew or, with reasonable care, should have known of the danger and were negligent in creating or allowing such dangerous condition to exist, for creating a public nuisance, for failing to give Plaintiffs any warning of the dangerous condition, for failing to correct the dangerous condition, and for failing to protect Plaintiffs; and/or

(g)   they violated laws, standards, codes, warranties, and/or ordinances and are therefore negligent, strictly liable, liable for breach of express and/or implied warranties, and are negligent per se; and/or

(h)   their acts or omissions were a legal and/or factual cause of the fire and resulting the injuries, deaths, losses and damages described herein.

7.   Defendant   AMERICAN   WATER   HEATER   COMPANY (hereinafter "Defendant American Water Heater") is a Nevada profit corporation located at 500 Princeton Road, Johnson City, Tennessee.   Defendant American Water Heater is in the business of designing, manufacturing, producing, distributing and selling residential electric water heaters.   At times relevant herein, Defendant American Water Heater did transact and conduct business in the State of Hawaii.

8.   On or about June 2013, Defendant American Water Heater sold and/or distributed an 80-gallon residential electric direct solar booster water heater ("electric water heater") to a company located in Honolulu, Hawaii.  Solar Help Hawaii, LLC sold this electric water heater to Plaintiff Glen Moribe, and installed it in Plaintiff Glen Moribe's garage storage closet at 733-A Luakaha Street, Honolulu, Hawaii  96816.  Solar Help Hawaii, LLC, ceased to exist on June 30, 2017.

9.   At the time of sale, distribution, and installation, Defendant American Water Heater's electric water heater was defective, and such defect was a legal and/or proximate cause of the fire which erupted on October 17, 2018 and claimed the lives of Connie Wharton and infant Sophia Wharton.

10.   Defendant American Water Heater is strictly liable to Plaintiffs under products liability law, as at the time of sale, distribution, and installation:

(a)   Defendant American Water Heater's electric water heater was defective by design, by manufacture, by the lack of appropriate and adequate ignition protection devices and safeguards, and/or by the lack of appropriate, adequate, and informative warnings and warning labels;

7

(b)   Defendant American Water Heater's electric water heater was dangerously defective when used in the usual and expected manner;

(c)   Defendant American Water Heater's electric water heater lacked ignition safeguards and clear, unambiguous, appropriate and necessary instructions, warnings, and/or warning labels;

(d)   Defendant American Water Heater did not warn ordinary users and consumers that its electric water heater contained unprotected ignition sources which could cause an electric spark or arc and ignite gasoline or other flammable vapors and liquids;

(e)   Defendant American Water Heater did not warn ordinary users and consumers that gasoline or other flammable vapors and liquids should not be stored in the vicinity of or within the same storage closet as its electric water heater;

(f)   Defendant American Water Heater did not warn ordinary users and consumers that the storage of gasoline and other flammable vapors and liquids in the same storage closet with its electric water heater could result in serious injury or death.

(g)   Defendant American Water Heater placed its defective electric water heater into the stream of commerce and/or was part of its "chain of distribution"; and

8

(h)   Defendant American Water Heater's defective electric water heater was a legal and/or proximate cause of the deaths of Connie Wharton and infant Sophia Wharton, and the harms, losses, and damages suffered by Plaintiffs.

11.   Defendant American Water Heater is also liable to Plaintiffs under negligence law:

(a)   Defendant American Water Heater knew or should have known that its 80-gallon residential electric direct solar booster water heater would be part of a solar water heating system where an electric timer switch would be used to turn its water heater on and off, and that that timer switch would not be ignition protected.

(b)   Defendant American Water Heater knew that the electrical components of its water heater (i.e., thermostat, etc.) were not ignition protected.

(c)   Defendant American Water Heater knew or should have known that its electric water heater would be installed in storage or utility closets where containers of flammable gasses and liquids could also be stored;

(d)   Defendant American Water Heater knew or should have known that gasoline and other flammable vapors and liquids stored in the vicinity of or in the same storage closet as its electric water heater, could be ignited by the

unprotected electrical components of its water heater resulting in a fire, serious injury or death;

(e)   Defendant American Water Heater knew or should have known that this dangerous fire risk would not be obvious or well known to the ordinary user and consumer;

(f)   Despite this hidden danger, Defendant American Water Heater did not provide the necessary and adequate fire warnings which a reasonably prudent manufacturer would have provided under similar circumstances;

(g)   Despite this hidden danger, Defendant American Water Heater did not provide Plaintiffs any fire warnings from the time of the sale and/or distribution of its electric water heater (June 2013) up to the time of the fire (October 17, 2018);

(h)   Despite this hidden danger, Defendant American Water Heater did not place a warning label on the outside of its electric water heater to warn users and consumers that the electrical components within its water heater could ignite gasoline and other flammable vapors and liquids;

(i)   Despite this hidden danger, Defendant American Water Heater did not place a warning label on the outside of its electric water heater to warn users and consumers not to store gasoline or other flammable vapors or liquids in the

10

vicinity of or within the same storage closet as its electric water heater;

(j)   Despite this hidden danger, Defendant American Water Heater did not place a warning label on the outside of its electric water heater to warn users and consumers that the storage of gasoline or other flammable vapors or liquids in the vicinity of or in the same storage closet as its electric water heater could result in serious injury or death;

(k)   Despite this hidden danger, Defendant American Water Heater did not warn its users and consumers in its electric water heater instruction manual and use and care guide, that gasoline or other flammable vapors and liquids should never be stored in the same room or vicinity as its electric water heater, because the thermostat contacts, controls, and other electrical components in its electric water heater could arc and ignite those vapors and cause property damage, serious burns or death;

(l)   Defendant American Water Heater breached its duty to adequately warn ordinary users and consumers, including Plaintiffs, of the hidden dangerous fire risk that is created when gasoline and other flammable vapors and liquids are stored in the same vicinity or storage closet as its electric water heater; and

11

(m)   Defendant American Water Heater was negligent, and its acts and/or omissions were a legal and/or proximate cause of the deaths of Connie Wharton and infant Sophia Wharton, and the harms, losses, and damages suffered by Plaintiffs.

12.   Defendant American Water Heater is also liable to Plaintiffs for the breach of its implied warranty of merchantability. Defendant American Water Heater's electric water heater was not merchantable as it lacked appropriate and necessary safeguards, protection devices, warnings, and labels to prevent the creation of a hidden dangerous fire risk when gasoline and other flammable vapors and liquids are stored within the same storage closet or vicinity as the electric water heater. Defendant American Water Heater's breach was a legal and/or proximate cause of the deaths of Connie Wharton and infant Sophia Wharton, and the harms, losses, and damages suffered by Plaintiffs.

13.   Defendant American Water Heater is also liable to Plaintiffs for the breach of its implied warranty of fitness for a particular purpose. Defendant American Water Heater's electric water heater was not fit for installation and use in the same storage closet or vicinity with gasoline and other flammable vapors and liquids as it lacked the appropriate ignition safeguards, warnings, and labels to guard against

12

such dangers and risks of harm. Defendant American Water Heater's breach was a legal and/or proximate cause of the deaths of Connie Wharton and infant Sophia Wharton, and the harms, losses, and damages suffered by Plaintiffs.

14. Defendant American Water Heater's (including its directors, officers, and/or employees) actions, inactions, and/or conscious choices amounted to gross negligence and/or a reckless and wanton disregard for the rights, feelings, and safety of others and for that reason Plaintiffs claim punitive damages against Defendant American Water Heater, in an amount to be determined by trial.

15. Defendant INTERMATIC INCORPORATED (hereinafter "Defendant Intermatic") is a Delaware profit corporation, with its headquarters located Libertyville, Illinois. Defendant Intermatic is in the business of designing, manufacturing, producing, distributing and selling electric water heater time switches. At times relevant herein, Defendant Intermatic did transact and conduct business in the State of Hawaii.

16. On or about June 2013, Defendant Intermatic sold and/or distributed an electric water heater time switch (The "Little Gray Box") to a company located in Honolulu, Hawaii. Solar Help Hawaii, LLC sold this electric water heater time switch to Plaintiff Glen Moribe, connected it to Defendant

American Water Heater's electric water heater, and installed them in Plaintiff Glen Moribe's garage storage closet at 733-A Luakaha Street, Honolulu, Hawaii 96816.  Solar Help Hawaii, LLC ceased to exist on June 30, 2017.

17.  At the time of sale, distribution, and installation, Defendant Intermatic's electric water heater time switch was defective, and such defect was a legal and/or proximate cause of the fire which erupted on October 17, 2018 and claimed the lives of Connie Wharton and infant Sophia Wharton.

18.  Defendant Intermatic is strictly liable to Plaintiffs under products liability law, as at the time of sale, distribution, and/or installation:

(a)  Defendant Intermatic's electric water heater time switch was defective by design, by manufacture, by the lack of appropriate ignition protection devices and safeguards, and/or by the lack of appropriate, adequate, and informative warnings and warning labels;

(b)  Defendant Intermatic's electric water heater time switch was dangerously defective when used in the usual and expected manner;

(c)  Defendant Intermatic's electric water heater time switch lacked ignition safeguards and clear,

14

unambiguous, appropriate and necessary instructions, warnings, and/or warning labels;

(d) Defendant Intermatic did not warn ordinary users and consumers that its electric water heater time switch contained unprotected ignition sources which could cause an electric spark or arc and ignite gasoline or other flammable vapors and liquids;

(g) Defendant Intermatic did not warn ordinary users and consumers that gasoline or other flammable vapors and liquids should not be stored in the vicinity of or within the same storage closet as its electric water heater time switch;

(h) Defendant Intermatic did not warn ordinary users and consumers that the storage of gasoline and other flammable vapors and liquids in the same storage closet with its electric water heater time switch could result in serious injury or death.

(i) Defendant Intermatic placed its defective electric water heater time switch into the stream of commerce and/or was part of its "chain of distribution"; and

(j) Defendant Intermatic's defective electric water heater time switch was a legal and/or proximate cause of the deaths of Connie Wharton and infant Sophia Wharton, and the harms, losses, and damages suffered by Plaintiffs.

15

19.  Defendant Intermatic is also liable to Plaintiffs under negligence law:

(a)  Defendant Intermatic knew or should have known that its electric water heater time switch was not ignition protected.

(b)  Defendant Intermatic knew or should have known that its electric water heater time switch would be connected to electric water heaters, and together installed in storage or utility closets where containers of flammable gasses and liquids could also be stored;

(c)  Defendant Intermatic knew or should have known that the storage of gasoline and other flammable vapors and liquids in the vicinity of or in the same storage closet as its electric water heater time switch could be ignited by the unprotected electrical components of its time switch, resulting in a fire, serious injury or death;

(d)  Defendant Intermatic knew or should have known that this dangerous fire risk was not obvious or well known to the ordinary user and consumer;

(e)  Despite this hidden danger, Defendant Intermatic did not provide the necessary and adequate fire warnings which a reasonably prudent manufacturer would have provided under similar circumstances;

16

(f) Despite this hidden danger, Defendant Intermatic did not provide Plaintiffs any fire warnings from the time of the sale and/or distribution of it electric water heater time switch (June 2013) up to the time of the fire (October 17, 2018);

(g) Despite this hidden danger, Defendant Intermatic did not place a warning label on the outside of its electric water heater time switch box to inform users and consumers that the electrical components within the time switch box could ignite gasoline and other flammable vapors and liquids;

(h) Despite this hidden danger, Defendant Intermatic did not place a warning label on the outside of its electric water heater time switch box to warn users and consumers not to store gasoline or other flammable vapors or liquids in the vicinity of or within the same storage closet as its electric water heater time switch;

(i) Despite this hidden danger, Defendant Intermatic did not place a warning label on the outside of its electric water heater time switch box to warn users and consumers that the storage of gasoline or other flammable vapors or liquids in the vicinity or in the same storage closet as its electric water heater time switch could result in serious injury or death;

17

(j) Despite this hidden danger, Defendant Intermatic did not warn it users and consumers in its electric water heater time switch installation and instruction manual that gasoline or other flammable vapors and liquids should never be stored or used in the same room or vicinity of its electric water heater time switch, because the electrical contacts, controls, and components in its electric water heater time switch box can arc and ignite those vapors and cause property damage, serious burns or death;

(k) Defendant Intermatic breached its duty to adequately warn ordinary users and consumers, including Plaintiffs, of the hidden dangerous fire risk that is created when gasoline and other flammable vapors and liquids are stored in the same vicinity or storage closet as its electric time switch; and

(l) Defendant Intermatic was negligent, and its acts and/or omissions were a legal and/or proximate cause of the deaths of Connie Wharton and infant Sophia Wharton, and the harms, losses, and damages suffered by Plaintiffs.

20. Defendant Intermatic is also liable to Plaintiffs for the breach of its implied warranty of merchantability. Defendant Intermatic's electric water heater time switch was not merchantable as it lacked appropriate and necessary warnings and labels to prevent the creation of a hidden

18

dangerous fire risk when gasoline and other flammable vapors and liquids are stored within the same storage closet or vicinity as the electric time switch. Defendant Intermatic's breach was a legal and/or proximate cause of the deaths of Connie Wharton and infant Sophia Wharton, and the harms, losses, and damages suffered by Plaintiffs.

21. Defendant Intermatic is also liable to Plaintiffs for the breach of its implied warranty of fitness for a particular purpose. Defendant Intermatic's electric water heater time switch was not fit for installation and use in the same storage closet or vicinity with gasoline and other flammable vapors and liquids, as it lacked the appropriate ignition safeguards, warnings, and labels to guard against such dangers and risks of harm. Defendant Intermatic's breach was a legal and/or proximate cause of the deaths of Connie Wharton and infant Sophia Wharton, and the harms, losses, and damages suffered by Plaintiffs.

22. Defendant Intermatic's (including its directors, officers, and employees) actions, inactions, and/or conscious choices amounted to gross negligence and/or a reckless and wanton disregard for the rights, feelings, and safety of others and for that reason Plaintiffs claim punitive damages against Defendant Intermatic, in an amount to be determined by trial.

WHEREFORE, Plaintiffs, individually and collectively, pray for judgment against Defendant American Water Heater, Defendant Intermatic, and other as yet unnamed and unidentified Defendants, joint and severally, as follows:

1.  Plaintiffs claim statutory (HRS § 663-3) wrongful death damages, statutory (HRS § 663-7) survivor damages, statutory (HRS § 663-8) future earnings damages, general and special damages, economic and non-economic damages, property damage, negligent infliction of emotional stress and mental anguish, hedonic damages, common law damages, and/or all other damages as allowed by law.

2.  Punitive damages in an amount to be determined at the time of trial.

3.  Prejudgment interest to commence from October 17, 2018.

4.  Reasonable attorneys' fees and litigation costs.

5.  Such other relief as may be deemed meet and just.

DATED:  Honolulu, Hawaii, _____ May 3, 2021 _____.


/s/Roy K. S. Chang
ROY K. S. CHANG
HARVEY M. DEMETRAKOPOULOS
Attorneys for Plaintiffs

20

| **STATE OF HAWAI'I** CIRCUIT COURT OF THE FIRST CIRCUIT | **SUMMONS** TO ANSWER CIVIL COMPLAINT (FIRST AMENDED) | CASE NUMBER 19-1-1130-07 (BIA) |
|---|---|---|

| PLAINTIFF VS. NATHAN L.Y. WHARTON, Individually and as Personal Representative for the Estate of Connie Elizabeth Yuk Han Moribe Wharton, Deceased, and Personal Representative for the Estate of Sophia Grace Hitomi Wharton, Deceased; GLEN Y. MORIBE; and SANDRA E. MORIBE, | DEFENDANT(S) AMERICAN WATER HEATER COMPANY, a Foreign Profit Corporation; INTERMATIC INCORPORATED, a Foreign Profit Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 3-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10 |
|---|---|

*Electronically Filed*
*FIRST CIRCUIT*
*1CC191-1-001130*
*03-MAY-2021*
*08:19 AM*
**Dkt. 55 CMPS**

| PLAINTIFF'S NAME & ADDRESS, TEL. NO. NATHAN L.Y. WHARTON, et.al; c/o ROY K. S. CHANG  #1733-0 HARVEY M. DEMETRAKOPOULOS  #5033-0 345 QUEEN STREET, SUITE 900 HONOLULU, HAWAII  96813 TELEPHONE NO.:  (808) 524-5803 |
|---|

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

ROY  K. S. CHANG, ESQ. AND/OR

HARVEY M. DEMETRAKOPOULOS, ESQ.

(first amended)
plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.
(first amended)

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | **Effective Date of 28-Oct-2019** **Signed by: /s/ Patsy Nakamoto** **Clerk, 1st Circuit, State of Hawai'i**  |
|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.




**US POSTAGE**
**$13.80⁰**
First-Class

Mailed From 96813
05/03/2021
032A 0061811028

7018 1830 0000 0504 2812

**▌SHIM &**
**▌CHANG**
ATTORNEYS AT LAW
A LAW CORPORATION

Queen Street Building .
345 Queen Street, Suite 900
Honolulu, Hawaii 96813
(808) 524-5803

## TO:

    **AMERICAN WATER HEATER COMPANY**
    c/o Corporation Service Company
    112 North Curry Street
    Carson City, Nevada    89703