IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATHAN L.Y. WHARTON, Individually and as Personal Representative for the Estate of Connie Elizabeth Yuk Han Moribe Wharton, Deceased, and Personal Representative for the Estate of Sophia Grace Hitomi Wharton, Deceased; GLEN Y. MORIBE; and SANDRA E. MORIBE,<br><br>           Plaintiffs,<br><br>vs.<br><br>AMERICAN WATER HEATER COMPANY; INTERMATIC INCORPORATED; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 3-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>           Defendants. | CIVIL NO. 21-00254 HG-WRP<br><br>AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT AMERICAN WATER HEATER COMPANY'S MOTION TO DISMISS CLAIMS MADE BY PLAINTIFF NATHAN L.Y. WHARTON |

AMENDED[1] FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT AMERICAN WATER HEATER COMPANY'S MOTION TO DISMISS CLAIMS MADE BY PLAINTIFF NATHAN L.Y. WHARTON

---

[1] The Findings and Recommendation to Grant In Part and Deny In Part Defendant American Water Heater Company's Motion To Dismiss Claims Made By Plaintiff Nathan L.Y. Wharton filed on July 28, 2023 is amended only to the extent the caption and citations to the Complaint have been revised.

Before the Court is Defendant American Water Heater Company's (Defendant) Motion to Dismiss Claims Made by Plaintiff Nathan L.Y. Wharton (Motion), filed on April 26, 2023. See Motion, ECF No. 53. Plaintiffs[2] filed a Memorandum in Partial Opposition (Opposition) on May 2, 2023. See Opposition, ECF No. 58. Plaintiffs thereafter filed two supplements to their Opposition on May 11 and May 16, 2023 (respectively, Plaintiffs' First Supplement and Plaintiffs' Second Supplement). See Plaintiffs' First Supplement, ECF No. 60; Plaintiffs' Second Supplement, ECF No. 61. On May 17, 2023, Defendant Intermatic Incorporated filed a Statement of No Position with respect to the Motion. See Defendant Intermatic Inc.'s Statement of No Position, ECF No. 52. Defendant American Water Heater Company did not file a reply memorandum.

The Court finds this Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After careful consideration of the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.[3] Specifically,

---

[2] Plaintiffs are comprised of: Plaintiff Nathan L.Y. Wharton (Wharton), individually and as personal representative of the Estate of Connie Elizabeth Yuk Han Moribe Wharton, Deceased (Estate of Connie), and personal representative of the Estate of Sophia Grace Hitomi Wharton, Deceased (Estate of Sophia); Glen Y. Moribe and Sandra E. Moribe.

[3] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.

the Court RECOMMENDS that the individual claims brought by Wharton on his own behalf be dismissed, and the claims by the Estate of Connie and the Estate of Sophia (collectively, Estates) be permitted to proceed in this action.

BACKGROUND

This action arises from a fire that destroyed the home owned by Glen Moribe and Sandra Moribe on October 17, 2018.  See First Amended Complaint (FAC), ECF No. 1-3 at 4.  The fire also caused the death of their daughter, Connie Wharton, and their granddaughter, Sophia Wharton.  See id.; Opposition, ECF No. 58 at 12.  Plaintiff Nathan Wharton is their husband and father, respectively.  See FAC, ECF No. 1-3 at 3; Opposition, ECF No. 58 at 5.  On June 24, 2019, Wharton was appointed as Personal Representative of the Estate of Connie and the Estate of Sophia by the state court.  See FAC, ECF No. 1-3 at 3.

Plaintiffs filed this action on July 18, 2019 in state court.  See Complaint, ECF No. 1-2 at 1.  Wharton pursued his own claims individually, as well as claims by both Estates as their court-appointed Personal Representative.  See id.; FAC, ECF No. 1-3 at 1.  On May 28, 2021, Defendants removed the action to federal court.  See Notice of Removal, ECF No. 1.

On January 17, 2023, Plaintiffs filed a Statement Noting the Death of

---

A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Plaintiff Nathan L.Y. Wharton (Statement Noting Death).  See Statement Noting Death, ECF. No. 50.  The Statement Noting Death informed the Court that Wharton died on November 18, 2022 and attached a copy of his obituary.  See id. at 2-3.  In response to the Statement Noting Death, the Court issued a Minute Order, requesting a status report from Plaintiffs regarding Federal Rules of Civil Procedure Rule 25(a)(1), which allows a limited time frame for substitution of a party if the party dies and his claims are not extinguished.  See Minute Order dated April 26, 2023.  In response, Plaintiffs filed a Status Report, noting that petitions for the appointment of Glen Moribe as the Successor Personal Representative for the Estate of Connie and the Estate of Sophia were pending in state probate court.  See Status Report, ECF No. 52 at 2.  Plaintiffs explained that, once the probate court appoints Glen Moribe as the Successor Personal Representative for the Estates, Plaintiffs will file a motion to substitute Glen Moribe as the Successor Personal Representative for the Estates in this case.  See id.  Plaintiffs also noted in the Status Report that they will not be pursuing any of Wharton's individual claims and that, to their knowledge, no estate had been opened or created for Wharton.  See id. at 3.

       On April 26, 2023, the same day Plaintiffs filed their Status Report, Defendant filed the present Motion, seeking dismissal of Wharton's claims and the Estates' claims pursuant to FRCP Rule 25(a)(1).  See Motion, ECF No. 53.

4

## DISCUSSION

Defendant's Motion seeks dismissal of (1) Wharton's individual claims brought on his own behalf and (2) the Estates' claims brought by Wharton as their Personal Representative. See Motion, ECF No. 53. In seeking the dismissal of these claims, Defendant relies on FRCP Rule 25(a)(1) for the proposition that, "if a motion to substitute a deceased party 'is not made within 90 days after service of a statement noting the death, <u>the action by</u> or against <u>the decedent must be dismissed</u>.'" Motion, ECF No. 53-1 at 2 (citing Fed. R. Civ. P. Rule 25(a)(1) (emphasis in original). In response, Plaintiffs concede that the claims brought individually by Wharton on his own behalf may be dismissed, but argue that FRCP Rule 25(a)(1) does not apply to the Estates' claims, which should be allowed to proceed.

### A. Claims Brought Individually by Wharton on His Own Behalf

FRCP Rule 25(a)(1) governs the issue of substitution of a party who dies and provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Rule 25(a)(1) requires two affirmative steps to trigger the running of the 90-day

period:  (1) "a party must formally suggest the death of the party upon the record" and (2) "the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute."  Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994) (citations omitted).  Under Rule 25(a)(1), "the substituted party steps into the same position as original party."  Hilao v. Est. of Marcos, 103 F.3d 762, 766 (9th Cir. 1996).

In this case, Wharton died on November 18, 2022, and Plaintiffs filed the Statement Noting Death on January 17, 2023.  See Statement Noting Death, ECF. No. 50 at 2.  Plaintiffs have not moved to substitute Wharton or his estate in this case, and the 90-day time-period for a motion to substitute has expired.  See Fed. R. Civ. P. Rule 25(a)(1).  Importantly, Plaintiffs concede that "it is appropriate for the Court to dismiss his personal claims as requested by Defendants."  Opposition, ECF No. 58 at 6.  Therefore, the Court RECOMMENDS that claims brought individually by Wharton on his own behalf be DISMISSED.

> B. Claims of the Estates, Brought by Wharton as the Court-Appointed Personal Representative

Unlike Wharton's individual claims, the substitution of a successor personal representative for the Estates is governed by FRCP Rule 25(c).  See Campbell v. Est. of Kilburn, No. 3:13-CV-00627-LRH, 2014 WL 3613701, at *1-3

6

(D. Nev. July 21, 2014) (substituting as a party the successor personal representative of an estate pursuant to FRCP Rule 25(c)); see also Burke v. Thompson, No. 5:15-CV-00007-TBR, 2017 WL 603295, at *2 (W.D. Ky. Feb. 14, 2017) (substituting as a party the successor personal representative of an estate pursuant to FRCP Rule 25(c)).

Rule 25(c) governs substitution of parties where transfers of interest occur. The Rule provides: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. Rule 25(c). Rule 25(c) "is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000) (internal quotation marks and citation omitted). According to the Ninth Circuit,

> The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.

Id. (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1958 (2d Ed.1986)) (emphasis added). Significantly, therefore, insofar as the Estates' claims are governed by Rule 25(c), Plaintiffs need

7

not take any action to substitute the Estates' successor personal representative as a party to this action, and judgment will be binding on the successor personal representative even though he is not substituted into the lawsuit. See id.

Nevertheless, under Hawaii law, the Hawaii Uniform Probate Code "clearly contemplates that a personal representative or special administrator is to represent an estate, in judicial proceedings and otherwise." Roxas v. Marcos, 89 Haw. 91, 122, 969 P.2d 1209, 1240 (1998) (citing Haw. Rev. Stat. §§ 560:3-104, 560:3-715(22)). To that end, a court-appointed personal representative submits to the jurisdiction of the court in any proceeding relating to the estate. See Haw. Rev. Stat. § 560:3-103 (noting that personal representatives "must be appointed by order of the court or registrar, qualify and be issued letters"); Haw. Rev Stat. § 560:3-602 ("By accepting appointment, a personal representative submits personally to the jurisdiction of the court in any proceeding relating to the estate that may be instituted by any interested person."). Further, where a personal representative's appointment is terminated by death or otherwise, "a successor representative may be substituted in all actions and proceedings to which the former personal representative was a party." See Haw. Rev. Stat. § 560:3-613; see also Haw. Rev. Stat. § 560:3-608; ("Termination ends the right and power pertaining to the office of personal representative[.]"); Haw. Rev. Stat. § 560:3-609 ("The death of a personal representative . . . terminates the personal representative's appointment.").

8

Significantly, a successor personal representative "has the powers and duties in respect to the continued administration which the former personal representative would have had if the appointment had not been terminated." Haw. Rev. Stat. § 560:3-613.

In the instant case, Wharton's appointment as Personal Representative of the Estates terminated upon his death. See Haw. Rev. Stat. § 560:3-609. That termination ended his rights and powers as Personal Representative of the Estates. See Haw. Rev. Stat. § 560:3-608. Following the requirements of the Hawaii Probate Code, Plaintiffs have filed petitions in state probate court to name Glen Moribe as the Successor Personal Representative of the Estates. See Plaintiffs' First Supplement, ECF No. 60 at 2; Plaintiffs' Second Supplement, ECF No. 61 at 2. According to Plaintiffs, the state probate court has indicated that it approved both petitions and Plaintiffs are now awaiting the probate court to issue its order and other required documents to finalize Glen Moribe's appointment as Successor Personal Representative of the Estates. See Plaintiffs' Second Supplement, ECF No. 61 at 2.

Once Glen Moribe is officially appointed as the Successor Personal Representative of the Estates, the interest formerly held by Wharton as Personal Representative will be "transferred" to Glen Moribe as contemplated by Rule 25(c). See Campbell, 2014 WL 3613701, at *2 ("Because [the successor personal

9

representative] has been officially substituted as the proper personal representative of the Estate in the Oregon [probate] proceeding, the interest formerly held by [the original personal representative] has been 'transferred' to [the successor personal representative] as contemplated by Rule 25(c).").  Upon Glen Moribe's appointment as Successor Personal Representative, "Rule 25(c) . . . does not require that anything be done after an interest has been transferred."  In re Bernal, 207 F.3d at 598 (citation omitted).  However, Plaintiffs are permitted – and the Court encourages Plaintiffs to – file a motion to substitute the Successor Personal Representative in this case.  See F. R. Civ. P. Rule 25(c) (allowing "the court, on motion, [to] order[] the transferee to be substituted in the action"); Haw. Rev. Stat. § 560:3-613 ("a successor representative may be substituted in all actions and proceedings to which the former personal representative was a party.").  Whether or not a motion to substitute is filed, the Successor Personal Representative will have "the powers and duties in respect to the continued administration which the former personal representative would have had if the appointment had not been terminated."  Haw. Rev. Stat. § 560:3-613.

    In sum, the Court FINDS that Wharton's appointment as Personal Representative of the Estates terminated upon his death and that, as required by the Hawaii Probate Code, Plaintiffs are diligently petitioning for the appointment of the Successor Personal Representative.  Once the Successor Personal

Representative is appointed, he will have the powers and duties that Wharton previously held, including representation of the Estates in this case. Further, although not necessary, Plaintiffs are encouraged to move or stipulate to substitute the Successor Personal Representative in this case pursuant to FRCP Rule 25(c). Accordingly, the Court RECOMMENDS that the claims of the Estates be permitted to proceed in this action pending appointment of the Successor Personal Representative.

## CONCLUSION

The Court FINDS and RECOMMENDS that Defendant American Water Heater Company's Motion to Dismiss Claims Made by Plaintiff Nathan L.Y. Wharton be GRANTED IN PART and DENIED IN PART. See Motion, ECF No. 53. Specifically, the Court RECOMMENDS that the claims brought by Plaintiff Nathan L.Y. Wharton individually on his own behalf be dismissed, and the claims of the Estates be permitted to proceed in this action pending appointment of the Successor Personal Representative.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, August 1, 2023.



Wes Reber Porter
United States Magistrate Judge

Wharton, et al. v. American Water Heater Co., et al.; CIVIL NO. 21-00254 HG-WRP; AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT AMERICAN WATER HEATER COMPANY'S MOTION TO DISMISS CLAIMS MADE BY PLAINTIFF NATHAN L.Y. WHARTON.