```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

GLEN Y. MORIBE, Individually    )  Civ. No. 21-00254 HG-WRP
and as successor Personal       )
Representative for the Estate   )
of Connie Elizabeth Yuk Han     )
Moribe Wharton, Deceased, and   )
as successor Personal           )
Representative for the Estate   )
of Sophia Grace Hitomi Wharton, )
Deceased; SANDRA E. MORIBE,     )
                                )
            Plaintiffs,         )
                                )
       vs.                      )
                                )
AMERICAN WATER HEATER COMPANY;  )
INTERMATIC INCORPORATED; JOHN   )
DOES 1-10; JANE DOES 1-10; DOE  )
CORPORATIONS 3-10; DOE          )
PARTNERSHIPS 1-10; ROE "NON-    )
PROFIT" CORPORATIONS 1-10; ROE  )
GOVERNMENTAL ENTITIES 1-10,     )
                                )
                                )
            Defendants.         )
_____)
```

**ORDER DENYING DEFENDANT INTERMATIC INCORPORATED'S MOTION FOR SUMMARY JUDGMENT (ECF No. 76)**

**and**

**DENYING DEFENDANT AMERICAN WATER HEATER COMPANY'S MOTION FOR SUMMARY JUDGMENT (ECF No. 78)**

On October 17, 2018, Nathan Wharton, his wife Connie Elizabeth Yuk Han Moribe Wharton, and their infant daughter Sophia Grace Hitomi Wharton resided at a house located at 733A Luakaha Street in Honolulu, Hawaii.

Before 7:00 a.m. on October 17, 2018, Nathan Wharton left

1

the house to go to work.

At approximately 8:08 a.m., an explosion occurred at the house, resulting in a fire that spread throughout the home. Connie and Sophia Wharton died as a result.

Plaintiffs filed a lawsuit against Defendant American Water Heater Company and Defendant Intermatic Incorporated, claiming that their products and the products' lack of warnings caused the explosion and fire.

<u>First</u>, Plaintiffs claim Defendant American Water Heater Company's electric water heater product installed at the home was defective.  Plaintiffs also claim the product contained insufficient warnings and was a cause of the October 17, 2018 fire.

<u>Second</u>, Plaintiffs claim Intermatic Incorporated's electric water heater time switch product or "timer" installed on the electric water heater at the home was defective.  They also claim the product contained insufficient warnings and was a cause of the October 17, 2018 fire.

Defendant American Water Heater Company and Defendant Intermatic Incorporated have each filed a Motion for Summary Judgment.

Defendant American Water Heater Company argues that its product did not cause the explosion and fire, relying on its own experts' reports.

Defendant Intermatic Incorporated also argues that its product did not cause the explosion and fire.  Defendant Intermatic Incorporated also relies on its own expert opinion.

Plaintiffs dispute both Defendants' positions.  Plaintiffs offer evidence of causation through their own fire investigation expert, Richard J. Meier.  Mr. Meier provided an expert report stating that the ignition of the explosion and fire was caused by Defendant Water Heater Company's product, which was powered by Defendant Intermatic Incorporated's product.

There are multiple, genuine disputes of material fact in the record, precluding a finding of summary judgment.  The Parties dispute the cause of the explosion and fire on October 17, 2018, and whether Defendants breached their duty of care in manufacturing and selling their products.  The Parties also dispute product warning issues and whether they contributed to the explosion and fire.

Defendant Intermatic Incorporated's Motion for Summary Judgment (ECF No. 76) is **DENIED**.

Defendant American Water Heater Company's Motion for Summary Judgment (ECF No. 78) is **DENIED**.

**PROCEDURAL HISTORY**

On July 18, 2019, Plaintiffs Nathan L.Y. Wharton, Individually and as Personal Representative for the Estate of

Connie Elizabeth Yuk Han Moribe Wharton, Deceased, and as Personal Representative for the Estate of Sophia Grace Hitomi Wharton, Deceased; Glen Y. Moribe, and Sandra E. Moribe filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii.  (ECF No. 1-2).

On May 3, 2021, a First Amended Complaint was filed in the Hawaii State Circuit Court.  (ECF No. 1-3).

On May 28, 2021, Defendant American Water Heater Company removed the action to this Court with the consent of Defendant Intermatic Incorporated.  (ECF No. 1).

On January 17, 2023, Plaintiff filed a Suggestion of Death as to Plaintiff Nathan L.Y. Wharton, who died on November 18, 2022.  (ECF No. 50).

On April 26, 2023, Defendant American Water Heater Company filed a Motion to Dismiss the claims brought by Nathan Wharton. (ECF No. 53).

On July 28, 2023, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT AMERICAN WATER HEATER COMPANY'S MOTION TO DISMISS CLAIMS MADE BY PLAINTIFF NATHAN L.Y. WHARTON.  (ECF No. 71).

On August 1, 2023, the Magistrate Judge issued an AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT AMERICAN WATER HEATER COMPANY'S MOTION TO DISMISS CLAIMS MADE BY PLAINTIFF NATHAN L.Y. WHARTON.  (ECF No. 72).

4

On August 15, 2023, Defendant Intermatic Incorporated filed a Motion for Summary Judgment and a Concise Statement of Facts. (ECF Nos. 76 and 77).

On the same date, Defendant American Water Heater Company filed a Motion for Summary Judgment and a Concise Statement of Facts.  (ECF Nos. 78 and 79).

On August 21, 2023, the Parties filed a STIPULATION TO SUBSTITUTE SUCCESSOR PERSONAL REPRESENTATIVE GLEN Y. MORIBE INTO THIS ACTION FOR THE ESTATE OF CONNIE ELIZABETH YUK HAN MORIBE WHARTON, DECEASED AND THE ESTATE OF SOPHIA GRACE HITOMI WHARTON, DECEASED.  (ECF No. 81).

On September 1, 2023, Plaintiffs filed Oppositions and Concise Statements of Facts in Opposition to Defendants' Motions for Summary Judgment.  (ECF Nos. 87, 88, 89, and 90).

On the same date, Defendant Intermatic Incorporated filed a Statement of No Position as to Defendant American Water Heater Company's Motion for Summary Judgment.  (ECF No. 86).

Also on September 1, 2023, Defendant American Water Heater Company filed an Opposition and Concise Statement of Facts in Opposition to Defendant Intermatic Incorporated's Motion for Summary Judgment.  (ECF Nos. 91, 92).

On September 15, 2023, Defendant American Water Heater Company filed a Reply and a Concise Statement of Facts in Reply. (ECF Nos. 95, 98).

5

Also on September 15, 2023, Defendant Intermatic Incorporated filed its Reply.  (ECF No. 97).

On September 20, 2023, the Court issued an ORDER ADOPTING THE MAGISTRATE JUDGE'S AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT AMERICAN WATER HEATER COMPANY'S MOTION TO DISMISS CLAIMS MADE BY PLAINTIFF NATHAN L.Y. WHARTON AND APPROVING THE PARTIES' STIPULATION TO SUBSTITUTE SUCCESSOR PERSONAL REPRESENTATIVE GLEN Y. MORIBE INTO THIS ACTION FOR THE ESTATE OF CONNIE ELIZABETH YUK HAN MORIBE WHARTON, DECEASED, AND THE ESTATE OF SOPHIA GRACE HITOMI WHARTON, DECEASED.  (ECF No. 104).

On October 12, 2023, the Court held a hearing on Defendants' Motions for Summary Judgment.  (ECF No. 115).

## BACKGROUND

**The following facts are undisputed**:

On October 17, 2018, Nathan L.Y. Wharton, his wife Connie Elizabeth Yuk Han Moribe Wharton, and their infant daughter Sophia Grace Hitomi Wharton resided in a house at 733A Luakaha Street, Honolulu, Hawaii.  (Def. Intermatic Incorporated's Concise Statement of Facts ("CSF") at ¶ 3, ECF No. 77).

Inside the carport of the house was a storage closet that contained various items including:

(1)  an electric water heater manufactured by Defendant

6

    American Water Heater Company ("Water Heater"); and,

 (2) an electric water heater timer switch ("Timer") that was manufactured by Defendant Intermatic Incorporated.

(Report of Richard J. Meier, Plaintiff's Fire and Explosion Investigator & Analyst, ("Meier Report"), attached to Def.'s CSF, at pp. 9, 19, 20, 25, ECF No. 79-2).

 Also located in the storage closet were:

> [R]ifle cartridge ammunition and canned smokeless powder for reloading.  These contained solids not capable of fueling the initial explosion.  They found several sources that could be the diffuse fuel that was ignited in the initial explosion.  These included: two 5-gallon plastic gasoline cans for a generator; and numerous aerosol cans (which typically contain a propane/butane blend as the propellant), and three 20 lb. LP gas (propane) cylinders along with two gas grills.

(Id. at p. 15).

 There were several electrical devices in the area of the storage closet including an overhead light and switch, electrical receptacles, a smoke detector, and Defendants' Water Heater and Timer.  (Id. at p. 17).

 Defendant American Water Heater Company's Water Heater contained an internal thermostat to control the water temperature.  (Id. at p. 19).  The Water Heater was powered by the home's electrical system connected to a solar system.  (Id.)

 Defendant Intermatic Incorporated's Timer controlled the power to the Water Heater.  (Id.)  The Timer was not supplied with the Water Heater but was installed on the outside separately

7

as part of the solar system. (Id. at pp. 22, 28).

On the morning of October 17, 2018, Nathan Wharton left his home and arrived at work at approximately 7:00 a.m. (Deposition of Nathan Wharton ("Nathan Wharton Depo.") at p. 26, ECF No. 79-3). Nathan's wife Connie and their daughter remained at the home. (Meier Report at pp. 6, 11-14, ECF No. 79-2).

An hour later, at 8:07:58 a.m., Connie Wharton walked into the carport and opened the storage closet where the Water Heater and Timer were located. (Id. at pp. 6, 18). The closet door was opened for approximately 15 seconds. (Id. at p. 18).

At approximately, 8:08:13 a.m., an explosion occurred in the storage closet followed by a fire. (Id. at pp. 6, 11-14, 18). Both Connie Wharton and Sophia Wharton were killed as a result of the explosion and fire. (Id. at p. 4).

**The Following Facts Are In Dispute:**

(1)  The source of the ignition for the explosion and fire;

(2)  The cause of the explosion and fire;

(3)  The warnings provided on the products and their sufficiency; and,

(4)  The setting of the Timer.

The Parties also do not agree as to whether the Timer was providing power to the Water Heater at the time of the explosion.

8

**STANDARD OF REVIEW**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  To defeat summary judgment "there must be sufficient 'evidence that a reasonable jury could return a verdict for the nonmoving party.'" Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  Celotex, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case.

Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson, 477 U.S. at 249-50).

The court views the facts in the light most favorable to the non-moving party. State Farm Fire & Cas. Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994). "When the nonmoving party relies only on its own

10

affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." Hansen v. U.S., 7 F.3d 137, 138 (9th Cir. 1993); see also Nat'l Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

The Parties agree that at approximately 8:08 a.m., on October 17, 2018, an explosion occurred at the residence where Nathan Wharton, his wife Connie Elizabeth Yuk Han Moribe Wharton, and their infant daughter Sophia Grace Hitomi Wharton resided.

The Parties do not dispute that Connie and Sophia Wharton died as a result of the explosion and subsequent fire.

The Parties agree that Defendant American Water Heater Company's electric water heater ("Water Heater") and Defendant Intermatic Incorporated's electric water heater timer ("Timer") were located in the storage closet in the carport at the time of the incident and that the explosion and fire originated from the storage closet.

The Parties genuinely dispute the material facts as to what caused the explosion and fire on October 17, 2018.

### I.  Disputes Of Fact As To Causation

Plaintiffs' negligence and strict product liability claims

11

require proof of causation.  O'Grady v. State, 398 P.3d 625, 632 (Haw. 2017) (requiring proof that defendant's conduct was the legal cause of plaintiff's injuries); Acoba v. Gen. Tire, Inc., 986 P.2d 288, 303 (Haw. 1999) (requiring proof of "a causal connection" between the product and plaintiff's injuries).

### A. Plaintiffs' Expert Report States That Defendants' Products Were A Substantial Factor In The Causation Of The Explosion And Fire

Pursuant to Hawaii law, courts use a substantial factor test to determine causation in cases of negligence.  Plaintiffs must show that "defendant's conduct was a substantial, as opposed to a negligible or trivial, factor in causing the harm."  O'Grady, 398 P.3d at 636.

Here, Plaintiffs have provided the expert report and Declaration of Richard J. Meier to support their theory of causation.

Mr. Meier is a full-time professional Fire and Explosion Investigator and Analyst.  (Meier Report at p. 8, ECF No. 79-2).

Mr. Meier states that he holds many certifications in fire investigation and fire safety, including:

(1) Fire Investigation Technician (IAAI-FIT) and Certified Fire Investigator (IAAI-CFI) through the International Association of Arson Investigators;

(2) Certified Fire Protection Specialist (CFPS) through the National Fire Protection Association and the Certified Fire Protection Specialist Board; and,

12

>    (3)   Certified Fire and Explosion Investigator (CFEI),
>          Certified Fire Investigation Instructor (CFII), and
>          Certified Vehicle Fire Investigator (CVFI) through the
>          National Association of Fire Investigators (NAFI).

(Id.)

### 1. Plaintiffs' Expert Provided An Opinion Regarding Defendant American Water Heater Company's Product With Respect To Causation

Mr. Meier's report states that on October 17, 2018, there was fugitive gas in the storage closet at the Wharton residence. (Meier Report at p. 33, ECF No. 79-2). Mr. Meier determined that the explosion was the result of the ignition of fugitive gas in the storage closet in the carport at the residence. (Id.) It is his opinion that the fugitive gas leaked from the propane cylinders stored in the closet. (Id.)

Mr. Meier's expert opinion indicates "the explosion was most likely ignited by an electrical arc from the thermostat in [Defendant American Water Heater Company's] water heater in the storage closet." (Id. at p. 33, see also p. 28). Mr. Meier determined that a defect in the design of the thermostat allowed for an electrical arc. (Id. at p. 33). He also concluded that the Water Heater did not have any warning labels on it to indicate that it was a potential ignition source nor did it provide sufficient warnings that it should not be near flammable liquids or gases. (Id.)

### 2. Plaintiffs' Expert And Defendant American Water Heater Company's Expert Provided Opinions Regarding Causation By Defendant Intermatic Incorporated's Product

Mr. Meier further concluded Defendant Intermatic Incorporated's Timer contributed to the explosion and fire. (Id. at p. 28). Mr. Meier found that the Timer, which controlled the electricity to Defendant American Water Heater Company's Water Heater, "was added as part of the solar water heater assembly (and) limited the time that the electric heating system could operate, and thereby create an arc." (Id.)

Mr. Meier further explained his conclusions in a summary in his Declaration, as follows:

> Based upon all of the above facts, obtained through my use of and adherence to standard fire investigation protocol and procedures regarding the examination of evidence from a fire scene, and my personal observations, and as stated in my report and deposition testimony, it is my conclusion that the explosion and fire at issue was ignited by the opening or closing of the electrical contacts behind the small rectangular cover on the thermostat while power was supplied to the thermostat by the attached timer. This opening or closing of the contacts created electric arc far larger than the [Minimum Ignition Energy] necessary to ignite the propane-air mixture gas. This resulted in what I referred to in my report as a "rapid pressure event."

(Declaration of Richard J. Meier at p. 20, attached to Pl.'s Opp, ECF No. 90-4).

Plaintiffs' expert report states that Defendant Intermatic Incorporated's Timer supplied power to the Water Heater causing the arc that ignited the explosion and following fire. Defendant

14

American Water Heater Company's expert Mr. Bajzek specifically concluded that Defendant Intermatic Incorporated's Timer cannot be ruled out as the source of the ignition of the explosion. (Report of Thomas J. Bajzek, attached as Def. American Water Heater Company's CSF in Opp. to Def. Intermatic Incorporated's MSJ, at p. 16, ECF No. 92-2).

### B. The Parties' Experts Dispute Causation Which Are Questions Of Fact For Trial

There are genuine issues of material fact as to the causation of the explosion and fire on October 17, 2018.

There are conflicting expert reports on the issue of causation in the record.

Defendant American Water Heater Company provided expert reports from Thomas J. Bajzek and John L. Schumacher that dispute Plaintiffs' expert report from Mr. Meier. (Report of Thomas J. Bajzek, attached as Def. American Water Heater Company's CSF in Opp. to Def. Intermatic Incorporated's MSJ, at p. 14, ECF No. 92-2; Report of John L. Schumacher, attached to Def. Intermatic Incorporated's CSF, at p. 32, ECF No. 77-9).

There are genuine disputes of material fact as to whether Defendant American Water Heater Company's product was the source of the ignition that caused the explosion and fire.

In addition, contrary to Defendant Intermatic Incorporated's position in its Motions for Summary Judgment, there are genuine

15

issues of material fact as to whether the Timer was a "substantial factor" in the causation.  O'Grady, 398 P.3d at 636.

Defendant Intermatic Incorporated disputes these facts and provided its own expert report from Eric M. Benstock that concluded that its Timer was not a potential ignition source. (Report of Eric M. Benstock, attached as Ex. 6 to Def. Intermatic Incorporated's CSF, at p. 12, ECF No. 77-7).

When evaluating a motion for summary judgment, the Court must view the facts and draw reasonable inferences in the light most favorable to the party opposing summary judgment.  Scott v. Harris, 550 U.S. 372, 380 (2007).  It is inappropriate for the Court to weigh disputed evidence or engage in credibility determinations in ruling on summary judgment.  In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008).

Pursuant to Hawaii law, the element of causation is a question of fact for the jury.  Wada v. Aloha King, LLC, 154 F.Supp.3d 981, 998-99 (D. Haw. 2015); Wagatsuma v. Patch, 879 P.2d 572, 574-582 (Haw. App. 1994) (explaining the standards of proof for the jury to find breach of duty and causation in a products liability case).  Foreseeability in the context of breach and causation is also a question of fact.  Maguire v. Hilton Hotels Corp., 899 P.2d 393, 400 (Haw. 1995).

Here, the numerous questions of fact as to causation prevent summary judgment.  Summary judgment is not permissible where each

16

side provides conflicting expert opinions regarding causation. Gentry Homes, Ltd. v. Simpson Strong-Tie Co., Civ. No. 17-00566 HG-RT, 2019 WL 6702542, *8 (D. Haw. Dec. 9, 2019) (denying the defendants' motions for summary judgment where each party provided conflicting expert opinions as to causation in a products liability case).

**II. There Are Additional Genuine Disputes Of Material Fact In The Record**

In addition to the genuine disputes of material fact regarding causation, the Parties dispute numerous other material facts, including breach of duty and the adequacy of the warnings provided for Defendants' products.

Just like the question of causation, breach of a duty of care and the adequacy of a product's warning are questions of fact for the jury. Acoba, 986 P.2d at 302; Wagatsuma, 879 P.2d at 574-582.

The Parties dispute numerous facts related to the purported breach of duty, causation, and the adequacy of the warnings.

Plaintiffs provided the Declaration and expert report of JoEllen Gill who opined that the warnings for Defendants' products were inadequate. (Declaration of JoEllen Gill, attached to Pl.'s Opp. CSF, at pp. 9-13, ECF No. 88-8). Defendants dispute her opinions regarding warnings and whether they were necessary or would have prevented the accident.

17

The Parties also dispute the following facts: Did Nathan Wharton set the Timer before he left for work on October 17, 2018?  Did Connie Wharton alter the Timer when she entered the storage closet prior to the explosion?  Were the Defendants' products receiving power?  Did the Defendants' products properly function?  (Pl.'s CSF in Opp. at ¶¶ 9-29, ECF No. 88; Def. American Water Heater Company's CSF in Opp. at ¶ 8, ECF No. 92; American Water Heater Company's Reply CSF in Opp. at ¶¶ 31, 35, 44, 46, 52-58, 61, 64-65, 67, 69, ECF No. 98).

The multiple, genuine disputes of material fact do not allow for summary judgment.

Defendants' Motions for Summary Judgment (ECF Nos. 76 and 78) are **DENIED**.

//

//

//

//

//

**CONCLUSION**

Defendant Intermatic Incorporated's Motion for Summary Judgment (ECF No. 76) is **DENIED**.

Defendant American Water Heater Company's Motion for Summary Judgment (ECF No. 78) is **DENIED**.

DATED: Honolulu, Hawaii, October 17, 2023.

IT IS SO ORDERED.

Helen Gillmor
United States District Judge

Glen Y. Moribe, Individually and as Personal Representative of the Estate of Connie Elizabeth Yuk Han Moribe Wharton, Deceased, and the Estate of Sophia Grace Hitomi Wharton, Deceased; Sandra E. Moribe v. American Water Heater Company; Intermatic Incorporated, Civ. No. 21-00254 HG-WRP **ORDER DENYING DEFENDANT INTERMATIC INCORPORATED'S MOTION FOR SUMMARY JUDGMENT (ECF No. 76) and DENYING DEFENDANT AMERICAN WATER HEATER COMPANY'S MOTION FOR SUMMARY JUDGMENT (ECF No. 78)**