IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
GLEN Y. MORIBE, Individually   )  Civ. No. 21-00254 HG-WRP
and as successor Personal      )
Representative for the Estate  )
of Connie Elizabeth Yuk Han    )
Moribe Wharton, Deceased, and  )
as successor Personal          )
Representative for the Estate  )
of Sophia Grace Hitomi Wharton,)
Deceased; SANDRA E. MORIBE,    )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
AMERICAN WATER HEATER COMPANY; )
INTERMATIC INCORPORATED; JOHN  )
DOES 1-10; JANE DOES 1-10; DOE )
CORPORATIONS 3-10; DOE         )
PARTNERSHIPS 1-10; ROE "NON-   )
PROFIT" CORPORATIONS 1-10; ROE )
GOVERNMENTAL ENTITIES 1-10,    )
                               )
          Defendants.          )
_____)
```

**ORDER ON DEFENDANT AMERICAN WATER HEATER COMPANY'S
MOTIONS IN LIMINE NOS. 1-11 (ECF Nos. 130-140)**

On October 17, 2018, Nathan Wharton, his wife Connie Elizabeth Yuk Han Moribe Wharton, and their infant daughter Sophia Grace Hitomi Wharton resided at a house located at 733A Luakaha Street in Honolulu, Hawaii.

Before 7:00 a.m. on October 17, 2018, Nathan Wharton left the house to go to work.

At approximately 8:08 a.m., an explosion occurred at the house, resulting in a fire that spread throughout the home.

1

Connie and Sophia Wharton died as a result.

Plaintiffs filed a lawsuit against Defendant American Water Heater Company and Defendant Intermatic Incorporated, claiming that their products and the products' lack of warnings caused the explosion and fire.

Defendant American Water Heater Company filed 11 Motions in Limine.

Defendant Intermatic Incorporated filed 4 Motions in Limine.

## ANALYSIS

**DEF. AWH'S MOTION IN LIMINE NO. 1**:       RE: Excluding Golden Rule Arguments and Reptile Theory (ECF No. 130)

Defendant American Water Heater's Motion in Limine No. 1 seeks to preclude two types of arguments to the jury.

First, Defendant American Water Heater seeks to preclude Plaintiffs from making a "golden rule" argument or suggesting to the jury that the jurors should "do unto others as they would have others do unto them."

Plaintiffs do not oppose the Motion regarding the "golden rule" argument and agree not to make such an argument to the jury.

Second, Defendant American Water Heater's Motion seeks to preclude Plaintiffs from making a purported "reptile theory" argument to the jury.  Defendant American Water Heater asserts

2

that the alleged "reptile theory" is based on arguments that "appeal to jurors' survival and self-preservation instincts" and ask the jurors to equate concepts of "community safety and justice."

Plaintiffs oppose this portion of the Motion, arguing that it is contrary to both law and tort policy.

District Courts in the Ninth Circuit have routinely rejected a defendant's attempt to preclude a plaintiff's arguments based on a purported "reptile theory" because the theory is vague, overbroad, and does not identify any specific evidence it seeks to exclude.  Tijerina v. Alaska Airlines, Inc., 2024 WL 270090, *10 (S.D. Cal. Jan. 24, 2024); Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist., 2023 WL 4564748, *4 (E.D. Cal. July 17, 2023); Agan v. BNSF Ry. Co., 2022 WL 3700052, *4 (D. Mont. Aug. 26, 2022).

Defendant's Motion based on reptile theory makes a general argument that the jury should base its decision on evidence and not bias.  At trial, the Court will rule on any inappropriate attempt to rely on "reptile theory."  The Court will issue jury instructions that set forth the basis for the jury to make its determination and the jury instructions shall govern appropriate advocacy.

Defendant American Water Heater Company's Motion in Limine No. 1 (ECF No. 130) as to the "Golden Rule" argument is **GRANTED**.

Defendant's Motion as to the "Reptile Theory" is **GRANTED, IN PART, AND DENIED, IN PART.**

**DEF. AWH'S MOTION IN LIMINE NO. 2**:  **To Preclude Any Reference Or Argument Related to the 2015 AmeriGas Blog Post (ECF No. 131)**

Defendant American Water Heater seeks to preclude Plaintiffs' expert JoEllen Gill from referencing a blog post from 2015 on the AmeriGas website that she included in her rebuttal expert report.  Defendant argues it is irrelevant.

Plaintiffs do not oppose and assert Ms. Gill will not reference the post in her testimony.

Defendant American Water Heater Company's Motion in Limine No. 2 (ECF No. 131) is **GRANTED.**

**DEF. AWH'S MOTION IN LIMINE NO. 3**:  **To Bifurcate Trial For Purposes of Liability and Damages (ECF No. 132)**

Defendant American Water Heater seeks to bifurcate trial between liability and damages.  Defendant Intermatic Incorporated supports the Motion and also requests bifurcation.

Plaintiffs oppose.

Bifurcation is a procedural issue governed by Federal Rule of Civil Procedure 42(b).  Ohio Six Ltd. v. Motel 6 Operating L.P., 2013 WL 12125747, *4 (C.D. Cal. Aug. 7, 2013).

Federal Rule of Civil Procedure 42(b) provides, in pertinent part:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counter-claims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

District courts have broad authority to try issues or claims separately pursuant to Fed. R. Civ. P. 42(b). M2 Software, Inc. v. Madacy Ent., 421 F.3d 1073, 1088 (9th Cir. 2005).

Courts generally address the following factors when determining whether to bifurcate proceedings into separate trials:

(1)  potential simplification and expedition of issues;

(2)  conservation of judicial resources and resources of the parties;

(3)  potential unfair prejudice to any of the parties;

(4)  preservation of the parties' right to a jury trial.

See Jinro Am. Inc. v. Secure Invs., Inc., 266 F.3d 993, 998 (9th Cir. 2001); Clark v. I.R.S., 772 F.Supp.2d 1265, 1269 (D. Haw. 2009).

Rule 42(b) is intended to further a number of significant policies but it is the interest of efficient judicial administration that is controlling under the rule, rather than the wishes of the parties. 9A Wright & Miller, § 2388, at n.2

(3d ed., Oct. 2020) (citing Mosqueda v. Cnty. of Los Angeles, 171 Fed. Appx. 16 (9th Cir. 2006)).

The main issue in this case is the question of what caused the explosion and fire on October 17, 2018.  The Court explained the dispute at length in the Court's Order on the Parties' Motions for Summary Judgment.  (Order on Summary Judgment at pp. 15-18, ECF No. 116).  A first trial on liability will allow the Parties and the jury to focus on the issue of causation as to the two separate defendants.  Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) (explaining that bifurcation is appropriate to allow the jury to determine a potentially dispositive issue first and avoid potential prejudice and confusion).

Evidence related to damages is not necessary in order to determine liability.  The issues relating to damages and punitive damages will require separate evidence and analysis and need not be reached if there is no finding of liability.  Agena v. Cleaver-Brooks, Inc., Civ. No. 2020 WL 3052204, *9 (D. Haw. June 8, 2020) (ordering bifurcation between liability and damages phases of trial where the evidence did not necessarily overlap); In re Bard IVC Filters Prods. Liab. Litig., 2018 WL 4184950, *2 (D. Ariz. Aug. 31, 2018) (ordering bifurcation of punitive damages).

The Court finds that bifurcation in this case between liability and damages will simplify and expedite issues, conserve

6

judicial resources and resources of the parties, and will not unduly prejudice any party.  Jinro Am. Inc., 266 F.3d at 998.

Defendant American Water Heater Company's Motion in Limine No. 3 (ECF No. 132) is **GRANTED**.

The Court grants Defendants' request for bifurcation of the liability and the damages phases of trial.  Liability phase of the trial will be held first to be followed by a damages phase of trial if necessary.

| | |
|---|---|
| **DEF. AWH'S MOTION IN LIMINE NO. 4**: | **To Preclude Any Argument Or Testimony That The Light And The Light Switch Were Ruled Out As Potential Ignition Sources (ECF No. 133)** |

Defendant American Water Heater seeks to preclude Plaintiffs' expert Richard Meier from stating that he ruled out the light switch in the carport closet as a potential ignition source.

On October 17, 2023, the Court denied Defendant's Motion for Summary Judgment that sought to challenge Mr. Meier's opinions. (ECF No. 116).

On December 28, 2023, the Court ruled that Mr. Meier is permitted to testify as to the opinions in his report, including that he excluded the light switch as a potential ignition source. (Order Denying Defendant American Water Heater Company's Motion

7

to Exclude Testimony of Richard Meier at pp. 17-19, ECF No. 143).

Defendant's argument is an issue for cross-examination.

Defendant American Water Heater Company's Motion in Limine No. 4 (ECF No. 133) is **DENIED**.

Mr. Meier may testify as to his expert opinions and the bases for his opinions.  The issues raised in Defendant's Motion in Limine No. 4 are issues for cross-examination.

**DEF. AWH'S MOTION IN LIMINE NO. 5**:    **To Preclude Plaintiffs From Arguing That The Subject Water Heater Should Have Had An Ignition Protected Switch (ECF No. 134)**

Defendant American Water Heater seeks to preclude Mr. Meier from introducing his opinion that the subject water heater should have had an ignition protected thermostat switch, because he believes that it was the cause of the fire.

Defendant American Water Heater Company's Motion in Limine No. 5 (ECF No. 134) is **DENIED**.

Mr. Meier may testify as to his expert opinions and the bases for his opinions.  The issues raised in Defendant's Motion in Limine No. 5 are issues for cross-examination.

**DEF. AWH'S MOTION IN LIMINE NO. 6**:    **To Preclude Any Reference To NFPA Statistics Not Specific To Electric Water Heaters (ECF No. 135)**

Defendant American Water Heater seeks to preclude Plaintiffs' experts from relying on statistics from the National Fire Protection Association ("NFPA") involving both gas water heaters and electric water heaters.

Federal Rule of Evidence 703 provides that an expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed.  Fed. R. Evid. 703. Plaintiffs' experts may testify as to the basis for their expert opinions if they contain information that is "reasonably relied upon by experts in the particular field in forming opinions."  V5 Techs., LLC v. Switch, Ltd., 501 F.Supp.3d 960, 964-65 (D. Nev. 2020).

Statistics related to accidents involving gas water heaters are not relevant to the facts of this case and cannot be reasonably relied upon in forming the experts' opinions in this case.  It is undisputed that the product in this case was an electric water heater.  Gas water heaters have a flame and provide different risks and product issues than electric water heaters.  Plaintiffs' experts are limited to relying on NFPA statistics regarding electric water heaters.

Defendant American Water Heater Company's Motion in Limine No. 6 (ECF No. 135) is **GRANTED.**

///

///

**DEF. AWH'S MOTION IN LIMINE No. 7**:   To Preclude Plaintiffs From Introducing Any Evidence Or Arguments Relating To Power Outages (ECF No. 136)

Defendant American Water Heater seeks to preclude any witness from testifying that there may have been power outages that affected the Wharton home and the use of the products in the home.

As Plaintiffs indicated in their Opposition, several witnesses will testify that power outages affected the area in which the decedents lived.  There is no basis to preclude such testimony.  Such testimony is directly relevant to the issues in this case.  For example, the testimony is relevant to the functioning of the timer at issue in this case.  It directly relates to the issue of causation and whether the timer was providing power to the subject water heater at the time of the incident.

Lay witnesses can testify to their own observations and experiences.  Fed. R. Evid. 701(a); Erhart v. Bofl Holding, Inc., 445 F.Supp.3d 831, 838-39 (S.D. Cal. 2020).  Expert witness testimony on power outages is not required.  Lay witnesses may testify about the implication of an observation when the observations are common enough and require such a limited amount of expertise, if any, that they can be deemed lay witness opinion.  United States v. Torralba-Mendia, 784 F.3d 652, 661

(9th Cir. 2015).

Defendant American Water Heater Company's Motion in Limine No. 7 (ECF No. 136) is **DENIED**.

Lay witnesses can testify if there were power outages that affected the area in which the decedents lived.

**DEF. AWH'S MOTION IN LIMINE NO. 8**:   To Limit Cumulative Photographic Evidence (ECF No. 137)

Defendant American Water Heater seeks to limit the photographic evidence of the damage to the Wharton/Morible family home as well as photographs of the Wharton/Moribe family themselves, including the decedents.  Specifically, Defendant seeks to limit the Plaintiffs to no more than ten photographs each of the damage to the home and of the family.  Defendant also seeks to preclude photographs from their memorial service.

At the hearing, Plaintiffs stated that they will pare down the number of pictures they seek to introduce prior to trial.

Relevant evidence is admissible unless its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

Evidence is unfairly prejudicial when its probative value is outweighed because of its ability to appeal to the

11

jury's sympathies, arouse jurors' sense of horror, provoke a jury's instinct to punish, and trigger other intense human reactions.  WEINSTEIN'S FEDERAL EVIDENCE § 403.04[1][c]; Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1014 (9th Cir. 1999).

Damage to the home is central to the case.  The Court declines to put a numeric limit on the number of photographs of the home, especially where Plaintiffs have the burden of proof to demonstrate causation and resulting injury.  The Court cautions Plaintiffs, however, that cumulative evidence without any probative value is not admissible.  Fed. R. Evid. 403.

The Parties are instructed to meet and confer as to what pictures are appropriate to show to the jurors.  They may present to the Court at that time any disagreements that arise.

Defendant American Water Heater Company's Motion in Limine No. 8 (ECF No. 137) is **GRANTED, IN PART, AND DENIED, IN PART**.

**DEF. AWH'S MOTION IN LIMINE NO. 9**:     **To Preclude Plaintiffs' Passive Migration Theory And Demonstrative Animations (ECF No. 138)**

**A.   Mr. Meier May Testify As An Expert And Provide His Opinion Based On Passive Migration Theory**

Mr. Meier may testify about his theory that propane migrated from the tank that was placed near the water heater.  Mr. Meier may testify that he believes the migrated propane was ignited as

12

a result of a defect in the water heater, causing the explosion and fire.

### B. The Computer Animations Are Inadmissible As They Fail To Accurately Reflect The Items That Were In The Closet On The Day Of The Incident

In addition to Mr. Meier's testimony, Plaintiffs seek to introduce computer animations to explain Mr. Meier's theory of the propane migration to the jury.

The Ninth Circuit Court of Appeals has ruled that computer animations may be permitted at trial if the proper foundation is laid for their admission. Byrd v. Guess, 137 F.3d 1126, 1134-35 (9th Cir. 1998); Krause v. Cnty. of Mohave, 459 F.Supp.3d 1258, 1271 (D. Ariz. 2020). The animations must provide a fair and accurate representation of the events at issue in order to be shown to the jury. Abrego v. City of Los Angeles, 2017 WL 11648665, *2 (C.D. Cal. Feb. 26, 2017).

Courts have routinely ruled that computer animations that attempt to recreate an accident are often inadmissible because they pose a significant risk of misleading the jury and confusing the issues unless there is ample evidence to support their foundation and probative value. Hinkle v. City of Clarksburg, 81 F.3d 416, 425 (4th Cir. 1996). Courts must ensure that any recreation fairly and accurately depicts the event based on admissible factual evidence given the dramatic power of computer-

13

animated evidence.  Id.; see Altman v. Bobcat Co., 349 Fed. Appx. 758, 763-64 (3d Cir. 2009).

The animations here do not accurately or fairly depict the contents of the carport closet at issue.  As the Court explained in its Order on Summary Judgment, there is no dispute that:

> Inside the carport of the house was a storage closet that contained various items including (1) an electric water heater manufactured by Defendant American Water Heater Company ("Water Heater"); and, (2) an electric water heater timer switch ("Timer") that was manufactured by Defendant Intermatic Incorporated....
>
> Also located in the storage closet were:
> [R]ifle cartridge ammunition and canned smokeless powder for reloading.  These contained solids not capable of fueling the initial explosion.  They found several sources that could be the diffuse fuel that was ignited in the initial explosion.  These included: two 5-gallon plastic gasoline cans for a generator; and numerous aerosol cans (which typically contain a propane/butane blend as the propellant), and three 20 lb. LP gas (propane) cylinders along with two gas grills.
>
> There were several electrical devices in the area of the storage closet including an overhead light and switch, electrical receptacles, a smoke detector, and Defendants' Water Heater and Timer.

(Court's October 17, 2023 Order Denying Defendants' Motions for Summary Judgment at pp. 6-7, ECF No. 116).

There is controversy concerning the animations that Plaintiffs seek to introduce.  The animations omit all of the items, besides the water heater, that were present in the carport closet at the time of the explosion and fire.  The use of the top front plate coming off in the animations is objected to by the

14

Defendants. The fireball is also too inflammatory and too powerful an image to portray in animation. The inaccuracy of the animations may confuse or mislead the jury. See <u>Diaz v. Cnty. of Ventura</u>, 2021 WL 6752003, *3 (C.D. Cal. Nov. 22, 2021). Plaintiffs' computer animations, in their current state, may not be presented to the jury. Fed. R. Evid. 403.

Motion in Limine No. 9 is **GRANTED, IN PART, AND DENIED, IN PART**.

The Motion as to Mr. Meier's passive migration theory is **DENIED**. Mr. Meier may testify as to his expert opinion and the basis for his opinion.

The Motion as to the animations as they currently exist is **GRANTED**. The Parties shall meet and confer about whether they agree to show certain parts of the animations to the jury.

**<u>DEF. AWH'S MOTION IN LIMINE NO. 10</u>:** **To Preclude Evidence Related To Punitive Damages and Exclude Evidence of Defendants' Financial Condition (ECF No. 139)**

Defendant American Water Heater Company seeks to preclude Plaintiffs from introducing evidence related to punitive damages.

The Court has ordered a bifurcated trial between liability and damages.

Evidence regarding Defendants' financial conditions may be

necessary at the second phase of trial if Plaintiffs establish a basis to recover punitive damages.  Pursuant to Hawaii law, punitive damages are recoverable in both negligence actions and products liability actions based on strict liability if the plaintiff provides the requisite aggravating conduct on the part of the defendant.  <u>Masaki v. Gen. Motors Corp.</u>, 780 P.2d 566, 570 (Haw. 1989); <u>Best Place, Inc., v. Penn. Am. Ins. Co.</u>, 920 P.2d 334, 347 (Haw. 1996).

Defendant American Water Heater Company's Motion in Limine No. 10 (ECF No. 139) is **HELD IN ABEYANCE**.  The admissibility of punitive damages evidence is an issue for the second phase of the bifurcated trial.

**<u>DEF. AWH'S MOTION IN LIMINE NO. 11</u>:**     **To Preclude Plaintiffs From Arguing That The Subject Water Heater Should Have Included Flammable Vapor Storage Warnings (ECF No. 140)**

Defendant seeks to preclude Mr. Meier and Ms. Gill from introducing their opinions that the subject water heater should have included flammable vapor storage warnings.

Defendant American Water Heater Company's Motion in Limine No. 11 (ECF No. 140) is **DENIED.**

Mr. Meier and Ms. Gill may testify as to their expert opinions and the bases for their opinions.  The issues raised in

16

Defendant's Motion in Limine No. 11 are issues for cross-examination.

## CONCLUSION

**DEF. AWH'S MOTION IN LIMINE NO. 1**: **RE: Excluding Golden Rule Arguments and Reptile Theory (ECF No. 130)**

Motion in Limine No. 1 is **GRANTED, IN PART, AND DENIED, IN PART.**

The Motion to exclude the Parties from making "Golden Rule" arguments is **GRANTED**. The Motion to exclude arguments to the jury based on the purported "Reptile Theory" is **GRANTED, IN PART, AND DENIED, IN PART.**

**DEF. AWH'S MOTION IN LIMINE NO. 2**: **To Preclude Any Reference Or Argument Related to the 2015 AmeriGas Blog Post (ECF No. 131)**

Unopposed Motion in Limine No. 2 is **GRANTED**.

**DEF. AWH'S MOTION IN LIMINE NO. 3**: **To Bifurcate Trial For Purposes of Liability and Damages (ECF No. 132)**

Motion in Limine No. 3 is **GRANTED**.

Pursuant to Fed. R. Civ. P. 42(b), the Court orders that trial will be bifurcated between liability and damages.

///

///

///

///

**DEF. AWH'S MOTION IN LIMINE NO. 4**: **To Preclude Any Argument Or Testimony That The Light And The Light Switch Were Ruled Out As Potential Ignition Sources (ECF No. 133)**

Motion in Limine No. 4 is **DENIED**.

Defendant may cross-examine Mr. Meier about whether he ruled out the light and the light switch in the carport closet as potential ignition sources.

**DEF. AWH'S MOTION IN LIMINE NO. 5**: **To Preclude Plaintiffs From Arguing That The Subject Water Heater Should Have Had An Ignition Protected Switch (ECF No. 134)**

Motion in Limine No. 5 is **DENIED**.

Defendant may cross-examine Mr. Meier about his opinion that the subject water heater should have had an ignition protected switch.

**DEF. AWH'S MOTION IN LIMINE NO. 6**: **To Preclude Any Reference To NFPA Statistics Not Specific To Electric Water Heaters (ECF No. 135)**

Motion in Limine No. 6 is **GRANTED**. Plaintiffs' experts may not rely on NFPA statistics regarding gas water heaters.

///

///

///

///

**DEF. AWH'S MOTION IN LIMINE No. 7**:     **To Preclude Plaintiffs From Introducing Any Evidence Or Arguments Relating To Power Outages (ECF No. 136)**

Motion in Limine No. 7 is **DENIED**.

Evidence or arguments relating to power outages are relevant to the case. Such observations are not speculative and do not require expert opinions.

**DEF. AWH'S MOTION IN LIMINE NO. 8**:     **To Limit Cumulative Photographic Evidence (ECF No. 137)**

Motion in Limine No. 8 is **GRANTED, IN PART, AND DENIED, IN PART**.

The Parties shall meet and confer regarding the photographs Plaintiffs seek to introduce at trial.

**DEF. AWH'S MOTION IN LIMINE NO. 9**:     **To Preclude Plaintiffs' Passive Migration Theory And Demonstrative Animations (ECF No. 138)**

Motion in Limine No. 9 is **GRANTED, IN PART, AND DENIED, IN PART**.

The Motion as to Plaintiffs' demonstrative animations as they currently exist is **GRANTED**. The Parties shall meet and confer about whether they agree to show certain parts of the animations to the jury.

The Motion as to Mr. Meier's passive migration theory is **DENIED**. Mr. Meier may testify as to his expert opinion and the basis for his opinion.

///

///

**DEF. AWH'S MOTION IN LIMINE NO. 10:** **To Preclude Evidence Related To Punitive Damages and Exclude Evidence of Defendants' Financial Condition (ECF No. 139)**

Motion in Limine No. 10 is **HELD IN ABEYANCE.**

The issue of punitive damages will be addressed if necessary in the damages stage of the bifurcated proceeding.

**DEF. AWH'S MOTION IN LIMINE NO. 11:** **To Preclude Plaintiffs From Arguing That The Subject Water Heater Should Have Included Flammable Vapor Storage Warnings (ECF No. 140)**

Motion in Limine No. 11 is **DENIED.**

Defendant may cross-examine Plaintiffs' experts about the basis for their expert opinions.


DATED: February 21, 2024, Honolulu, Hawaii.

IT IS SO ORDERED.

Helen Gillmor
United States District Judge

Glen Y. Moribe, Individually and as Personal Representative of the Estate of Connie Elizabeth Yuk Han Moribe Wharton, Deceased, and the Estate of Sophia Grace Hitomi Wharton, Deceased; Sandra E. Moribe v. American Water Heater Company; Intermatic Incorporated, Civ. No. 21-00254 HG-WRP; **ORDER ON DEFENDANT AMERICAN WATER HEATER COMPANY'S MOTIONS IN LIMINE NOS. 1-11 (ECF Nos. 130-140)**