IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLEN Y. MORIBE, Individually and as successor Personal Representative for the Estate of Connie Elizabeth Yuk Han Moribe Wharton, Deceased, and as successor Personal Representative for the Estate of Sophia Grace Hitomi Wharton, Deceased; SANDRA E. MORIBE,<br><br>            Plaintiffs,<br><br>      vs.<br><br>AMERICAN WATER HEATER COMPANY; INTERMATIC INCORPORATED; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 3-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; ROE GOVERNMENTAL ENTITIES 1-10,<br><br>            Defendants. | Civ. No. 21-00254-HG-WRP |

**ORDER ON DEFENDANT INTERMATIC INCORPORATED'S
MOTIONS IN LIMINE NOS. 2, 3 and 4 (ECF Nos. 127-129)**

Defendant Intermatic Incorporated has filed four motions in limine (ECF Nos. 126-129). Motion in Limine No. 1 (ECF No. 126) was **STRICKEN** on January 2, 2024. (ECF No. 144). On February 12, 2024, the Court held a Final Pre-Trial Conference during which the Court rendered an oral ruling on Motions in Limine Nos. 2, 3, and 4 (ECF Nos. 127-129). (ECF No. 174). The basis of the Court's ruling issued at the Final Pre-Trial Conference on February 12, 2024 is contained in this order.

1

**ANALYSIS**

**DEF. INTERMATIC MOTION IN LIMINE NO. 2:** To Preclude Any Witness Not Qualified as a Legal Expert From Offering Testimony Containing Any Legal Conclusions or Opinions (ECF No. 127)

Defendant Intermatic Incorporated's ("Intermatic") second Motion in Limine (ECF No. 127) seeks to preclude any witness not qualified as a legal expert from offering testimony containing any legal conclusions or opinions. Defendant Intermatic specifically argues that lay witnesses should be precluded from testifying as to the element of causation.

Pursuant to Federal Rule of Evidence 701, lay witness testimony must be (a) rationally based on the witness's perception, (b) helpful for understanding the witness's testimony or determining a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702 which governs the admissibility of expert testimony.

A lay witness may not testify as to legal conclusions. See United States v. Perez, 2023 WL 4491751, at *3 (9th Cir. July 12, 2023).

A lay witness can discuss events or opinions rationally based on her own perceptions or experiences. See e.g., King v. Biter, 2023 WL 2189235, at *3-4 (E.D. Cal. Feb. 23, 2023). A lay witness's testimony can support a finding of causation. Id.

A lay witness cannot testify on causation when the testimony

2

requires scientific, technical, or other specialized knowledge pursuant to Rule 701(c).  See id.; Gershkowitz v. State Farm Gen. Ins. Co., 2022 WL 17251978, at *2-3 (C.D. Cal. Aug. 26, 2022).

Defendant Intermatic has not identified specific lay witness testimony it seeks to preclude.  A lay witness may in general not testify as to legal conclusions but can testify as to facts that support a finding of causation.

Neither expert witnesses nor lay witnesses may provide testimony to the jury as to the ultimate legal questions. Both expert witnesses and lay witnesses, however, may provide factual testimony regarding causation.

Motion in Limine No. 2 (ECF No. 127) is **GRANTED, IN PART, AND DENIED, IN PART.**

**DEF. INTERMATIC MOTION IN LIMINE NO. 3**: To Preclude at Trial any Documents, Exhibits, Witnesses, or Other Information Not Previously Disclosed in Discovery (ECF No. 128)

Defendant Intermatic's third Motion in Limine (ECF No. 128) seeks to preclude Plaintiffs and Defendant American Water Heater Company from introducing at trial documents, exhibits, witnesses, or other information not previously disclosed in discovery.

Pursuant to Federal Rule of Civil Procedure 26(a), a party must disclose each witness, witness deposition designation, and exhibit that a party intends to present at trial at least 30 days before trial or on an alternative date set by the court. Fed. R.

3

Civ. P. 26(a)(3).  The failure to disclose a witness or evidence pursuant to Rule 26(a) or (e) precludes the party from using that information at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010).  For sanctions to be considered pursuant to Rule 37(c)(1), a party must seek to use evidence at trial or in a motion that it failed to timely disclose. 7 Moore's Federal Practice - Civil § 37.60 (2023).

Defendant Intermatic's Motion in Limine No. 3 is premature. The Parties have not yet filed pre-trial disclosures.  Pre-trial disclosures are set to begin in May 2024. See (ECF No. 115). Defendant Intermatic has not identified a specific document, exhibit, or witness that Plaintiffs or Defendant American Water Heater Company plans to introduce at trial but failed to timely disclose or supplement pursuant to Rule 37(c)(1).  There is no basis to exclude evidence at this time.

Motion in Limine No. 3 (ECF No. 128) is **DENIED**.

**DEF. INTERMATIC MOTION IN LIMINE NO. 4**: **To Preclude Any Testimony Suggesting that Connie Wharton Changed the Timer Settings or Manipulated the Timer of the Electric Water Heater on the Day of the Fire (ECF No. 129)**

Defendant Intermatic seeks to preclude any testimony suggesting that Connie Wharton changed the timer settings or

4

manipulated the timer of the electric water heater unit on the day of the fire.  Defendant Intermatic specifically seeks to exclude testimony from Defendant American Water Heater Company's expert Thomas J. Bajzek that Connie Wharton could have manipulated the timer switch thereby igniting the fire.

### A. Expert Testimony

Expert opinion that is entirely unsupported by facts or data is inadmissible speculation. Elosu v. Middlefork Ranch Inc., 26 F.4th 1017, 1020, 1025-26 (9th Cir. 2022); Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997) (declaring "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered").

An expert's inability to cite direct evidence for a given hypothesis does not make the testimony inadmissable speculation. See Tucson Elec. Power Co. v. Pauwels Canada Inc., 651 F. App'x 681, 683 (9th Cir. 2016).  Experts can rely on circumstantial evidence to make reasoned inferences and generate hypotheses. Elosu, 26 F.4th at 1028; Wood v. Stihl, Inc., 705 F.2d 1101, 1107-08 (9th Cir. 1983).

Arguments that an expert's opinion is based on weak evidence speaks to the testimony's weight not its admissibility. Elosu, 26 F.4th at 1024; Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010).  Concerns regarding the weight or credibility of an expert's evidence should be addressed through cross-examination at trial.  Id.

5

In this case, Defendant American Water Heater's expert relies on circumstantial evidence including video, deposition testimony, and physical evidence. Sufficient evidence exists such that a jury would be aided by considering Defendant American Water Heater's expert testimony on this issue.

**B. Lay Witness Testimony**

Defendant Intermatic also seeks to preclude any testimony suggesting that Connie Wharton changed the timer settings or manipulated the timer of the electric water heater on the day of the fire.

Pursuant to Federal Rule of Evidence 701, a lay witness can testify to events or opinions rationally based on her own perceptions or experiences. See Lane v. Beach, 2023 WL 5183685, at *2 (E.D. Cal. Aug. 11, 2023).

Defendant Intermatic does not identify specific lay witness testimony as to whether Connie Wharton changed the timer settings or manipulated the timer of the electric water heater unit. There is no basis to exclude evidence at this time.

Motion in Limine No. 4 (ECF No. 129) is **DENIED**.

## CONCLUSION

**DEF. INTERMATIC MOTION IN LIMINE NO. 2:**  To Preclude Any Witness Not Qualified as a Legal Expert From Offering Testimony Containing Any Legal Conclusions or Opinions (ECF No. 127)

6

Motion in Limine No. 2 (ECF No. 127) is **GRANTED, IN PART, AND DENIED, IN, PART**.

Neither expert witnesses nor lay witnesses may provide testimony to the jury as to the ultimate legal questions. Both expert witnesses and lay witnesses, however, may provide factual testimony regarding causation.

**DEF. INTERMATIC MOTION IN LIMINE NO. 3**: **To Preclude at Trial any Documents, Exhibits, Witnesses, or Other Information Not Previously Disclosed in Discovery (ECF No. 128)**

Motion in Limine No. 3 (ECF No. 128) is **DENIED**.

**DEF. INTERMATIC MOTION IN LIMINE NO. 4**: **To Preclude Any Testimony Suggesting that Connie Wharton Changed the Timer Settings or Manipulated the Timer of the Electric Water Heater on the Day of the Fire (ECF No. 129)**

Motion in Limine No. 4 (ECF No. 129) is **DENIED**.

DATED: February 21, 2024, Honolulu, Hawaii.

IT IS SO ORDERED.

Helen Gillmor
United States District Judge

Glen Y. Moribe, Individually and as Personal Representative of the Estate of Connie Elizabeth Yuk Han Moribe Wharton, Deceased, and the Estate of Sophia Grace Hitomi Wharton, Deceased; Sandra E. Moribe v. American Water Heater Company; Intermatic Incorporated, Civ. No. 21-00254 HG-WRP; **ORDER ON DEFENDANT INTERMATIC INCORPORATED'S MOTIONS IN LIMINE NOS. 2, 3 and 4 (ECF Nos. 127-129)**